Pine v. Shannon.

LOUISA E. PINE

*v.*

JOHN SHANNON and others.

To a foreclosure suit, a creditor claiming, by his attachment, a lien on the mortgage debt, was made a party, and an injunction staying his proceeding at law granted.  After a sale of the premises under the foreclosure and payment of the money into court,—*Held*, that his motion to dissolve the injunction and proceed at law must be denied, and that he must litigate his claim in this court.

Bill to foreclose.   Motion to dissolve injunction.

*Mr. G. Collins*, for the motion.

*Mr. S. C. Mount*, contra.

THE CHANCELLOR.

The defendant, George Van Horn, who was made a party to the bill because he had attached, and, under the attachment, claimed to have a lien upon part of the mortgage money, now moves to dissolve the injunction.   He is a necessary party to the suit.   *Pine* v. *Shannon, 3 Stew. 501; S. C. on appeal, sub nom. Van Horn* v. *Pine, 4 Stew. 367.*

On the filing of the bill a deposit sufficient to answer his claim was required as a condition to granting the injunction to stay his proceedings at law.   It was made, and the

injunction issued.   The property has been sold under a decree of foreclosure in this suit, and all the proceeds of sale, except the costs, are in court.   He moves to dissolve the injunction, in order that he may proceed with his attachment.

Of course it would not be just to the garnishee, to permit him to do so, and he can litigate his claim as against the complainant in this court more expeditiously and economically than, and quite as well as, in the court of law.   There is no reason why he should not be required to do so.

The motion is denied, with costs.